FILED

2012 NOV 14  PM 12: 19

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  TOMIO B. NARITA (SBN 96238)
   tnarita@snllp.com
2  ARVIN C. LUGAY (SBN 242599)
   alugay@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:  (415) 352-2625

6

7  Attorneys for defendant
   Equable Ascent Financial, LLC

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  LORI KLEIMAN, an individual      )   CASE NO. CV12 9729 —CAS
                                     )          (AJWx)
13         Plaintiff,                )
                                     )   NOTICE OF REMOVAL
14  vs.                              )
                                     )
15  EQUABLE ASCENT FINANCIAL,        )
    LLC, a limited liability company;)
16  CREDITOR IUSTUS ET               )
    REMEDIUM, LLP, a limited liability)
17  partnership; and DOES 1 through 10,)
    inclusive,                       )
18                                   )
           Defendants.               )
19                                   )
                                     )
20  ─────────────────────────────────)

21

22

23

24

25

26

27

28

KLEIMAN V. EQUABLE ASCENT FINANCIAL, LLC ET AL. (CASE NO.      )
NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Equable Ascent Financial, LLC ("Defendant"), a Delaware limited liability company, hereby removes to this Court the state court action described below.

1.     On September 27, 2012, a complaint was filed against Defendant by plaintiff Lori Kleiman ("Plaintiff"), in an action pending in the Superior Court of the State of California in and for the County of Ventura, East County Division, entitled *Lori Kleiman v. Equable Ascent Financial, LLC, et al.*, Case No. 56-2012-00424933-CU-PO-VTA.  A copy of the state court Summons and Complaint, the Civil Case Cover Sheet, the Notice of Case Management Conference and other documents issued by the state court  (collectively, "Complaint") that was served on Defendant is attached hereto as **Exhibit A**.  Defendant CIR Law Office, LLP (erroneously named in the complaint as Creditor Iustus Et Remedium, LLP) to this action has consented to removal.  A copy of CIR's consent to removal is attached hereto as **Exhibit B**.

2.     This removal petition is timely under 28 U.S.C. § 1446(b) because Defendant was first served with a copy of the Complaint on October 17, 2012.

**JURISDICTION**

3.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that the Complaint asserts claims against Defendant allegedly arising under 15 U.S.C. § 1692 *et seq.* (the "Fair Debt Collection Practices Act").  *See* Exhibit A, ¶¶ 1, 6-8, 25-27.

4.     As the Complaint was filed in the Superior Court of the State of California, County of Ventura, venue in this District is proper.  *See* 28 U.S.C. § 1441(a) (providing for removal "to the district court of the United States for the district and division embracing the place" where the state court action is pending); 28 U.S.C. § 84(c)(2) (Central District, Western Division comprises, *inter alia,* the

1    county of Ventura).

2          5.      Defendant is represented by the undersigned.

3

4    DATED: November 13, 2012          SIMMONDS & NARITA LLP
                                        TOMIO B. NARITA
5                                       ARVIN C. LUGAY

6

7

8                                       By: _____
                                            Arvin C. Lugay
9                                           Attorneys for defendant
                                            Equable Ascent Financial, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

VENTURA
SUPERIOR COURT
FILED

SEP 2 7 2012

MICHAEL D. PLANE
Executive Officer and Clerk

BY: _____ Deputy
M. Ochoa

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

EQUABLE ASCENT FINANCIAL LLC, a limited liability company;
CREDITOR IUSTUS ET REMEDIUM, LLP, a limited liability partnership,
and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LORI KLEIMAN, an individual,.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, County of

Ventura, East County Division. 3855 F Alamo Street,
Simi Valley, CA 93063

**CASE NUMBER:**
*(Número del Caso):*
56-2012-00424933-CU-PO-VTA

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Octavio Cardona-Loya II. 3130 Bonita Road, Suite 200-B, Chula Vista, CA 91910. (619) 476-0030

DATE: SEP 2 7 2012
*(Fecha)*

Clerk, by _____ M. Ochoa Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Equable Ascent Financial LLC, a limited liability company

under: [ ] CCP 416.10 (corporation)                [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)         [ ] CCP 416.70 (conservatee)
[X] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person).
[ ] other *(specify):*
4. [X] by personal delivery on *(date):* 10/17/12

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

VIA FAX



**Superior Court of California, County of Ventura**

**Notice of Civil Case Management Changes**

**Case Assignment and Mandatory Appearance at
Initial Case Management
Conference/Order to Show Cause**

Effective September 4, 2012, the following changes will be made to Ventura Superior Court's Case Management Program (Limited and Unlimited General Civil cases):

- At the time of filing of the initial Complaint, a *Notice of Case Assignment and Mandatory Appearance* notice will be provided by the Clerk which identifies the Courtroom and Judicial Officer to whom the case is assigned, and contains the date, time and Courtroom for a combined initial Case Management Conference (CMC) and Order to Show Cause re Sanctions/Dismissal re Failure to File Proof of Service/Default (OSC):

- The combined CMC/OSC will be scheduled approximately five months after the initial filing date for the purpose of:

  1. Confirming compliance with and/or addressing issues (and possible sanctions) related to timeframes established by Statutes and Rules of Court for service of the Complaint and entry of Default,

  2. Scheduling of Alternative Dispute Resolution proceedings and/or a Trial date, and

  3. Other issues pursuant to California Rule of Court, Rule 3.722.

- A copy of the Notice of Case Assignment and Mandatory Appearance shall be served by the filing party on all named Defendant/Respondents with the Complaint or Petition, and with any Cross-Complaint or Complaint in Intervention that names a new party to the underlying action.

- Appearance at the CMC by attorneys and self-represented parties, in person or by telephone (See Rule 7.00 et seq), is **MANDATORY**.

Mailing Address: P.O. Box 6489, Ventura, California 93006-6489

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF VENTURA

800 South Victoria Avenue
Ventura , CA 93009
(805) 654-2609
WWW.VENTURA.COURTS.CA.GOV

## NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Case Number: 56-2012-00424933-CU-PO-VTA

Your case has been assigned for all purposes to the judicial officer indicated below.

A copy of this Notice of Case Assignment and Mandatory Appearance shall be served by the filing party on all named Defendants/Respondents with the Complaint or Petition, and with any Cross-Complaint or Complaint in Intervention that names a new party to the underlying action.

| ASSIGNED JUDICIAL OFFICER | COURT LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Frederick Bysshe | Ventura | 41 |

| HEARING | MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default | |
|---|---|---|
| **EVENT DATE** | **EVENT TIME** | **EVENT DEPT/ROOM** |
| 02/27/2013 | 08:15:00 AM | 22B |

## SCHEDULING INFORMATION

**Judicial Scheduling Information**

AT THE ABOVE HEARING IS MANDATORY.
Each party must file a Case Management Statement no later than 15 calendar days prior to the hearing and serve it on all parties. If your Case Management Statement is untimely, it may NOT be considered by the court (CRC 3.725).
If proof of service and/or request for entry of default have not been filed: At the above hearing you are ordered to show cause why you should not be compelled to pay sanctions and/or why your case should not be dismissed (CCP 177.5, Local Rule 3.17).

**Advance Jury Fee Requirement**

Each party demanding a jury trial is required to deposit advance jury fees of $150 for each party on or before the date scheduled for the initial Case Management Conference.
By failing to deposit the advance jury fees required by CCP 631, a party waives trial by jury.

**Noticed Motions/Ex Parte Matters**

To set an ex parte hearing, contact the judicial secretary in the assigned department. Contact the clerk's office to reserve a date for a law and motion matter.

**Telephonic Appearance**

Telephonic appearance at the Case Management Conference is permitted pursuant to CRC 3.670. In addition, see Local Rule 7.01 regarding notice to the teleconference provider. The court, through the teleconference provider, will contact all parties and counsel prior to the hearing.

Date: 09/27/2012

Clerk of the Court,
By: _M. Ochoa_
Maria Ochoa, Clerk

VEN-FNR068

NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Octavio Cardona-Loya II, Esq. SBN 255309<br>Golden & Cardona-Loya, LLP<br>3130 Bonita Road, Suite 200B<br>Chula Vista, CA 91910<br>TELEPHONE NO.: 619-476-0030   FAX NO.: 775-898-5471<br>ATTORNEY FOR *(Name)*: Plaintiff Lori Kleiman | FOR COURT USE ONLY<br>VENTURA<br>SUPERIOR COURT<br>FILED<br>SEP 27 2012<br>MICHAEL D. PLANET<br>Executive Officer and Clerk<br>BY: _____ Deputy<br>M. Ochoa |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Ventura**
STREET ADDRESS: 3855 F Alamo Street
MAILING ADDRESS:
CITY AND ZIP CODE: Simi Valley, CA 93063
BRANCH NAME: East County Division

CASE NAME:
Kleiman v. Equable Ascent Financial LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>56-2012-00424933-CU-PO-VTA |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[✓] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify)*: (1) Violation of FDCPA (2) Violation of RFDCPA (3) Invasion of Privacy
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 25, 2012
Octavio Cardona-Loya II
_____               _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

VIA FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

Octavio Cardona-Loya II, Esq. SBN 255309
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
vito@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

VENTURA
SUPERIOR COURT
FILED

SEP 2 7 2012

MICHAEL D. PLANET
Executive Officer and Clerk
BY: _____; DEPUTY
M. Ochoa

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF VENTURA, EAST COUNTY DIVISION

| | |
|---|---|
| LORI KLEIMAN, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>EQUABLE ASCENT FINANCIAL LLC,<br>a limited liability company; CREDITOR<br>IUSTUS ET REMEDIUM, LLP, a limited<br>liability partnership; and DOES 1 through<br>10, inclusive,<br><br>    Defendants. | Case No.:  56-2012-00424933-CU-PO-VTA<br><br>**COMPLAINT AND DEMAND FOR<br>JURY TRIAL (Unlawful Debt<br>Collection Practices)** |

### I. INTRODUCTION

1.   This is an action for damages brought by an individual consumer against Defendants for violations of the Federal Fair Debt Collections Practices Act and California Rosenthal Act which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

////
////

VIA FAX

## II. VENUE & PARTIES

2. Venue in this district is proper in that the Plaintiff resides here, Defendants transact business here, and the conduct complained of occurred here.

3. Plaintiff LORI KLEIMAN is a natural person residing in the State of California, County of Ventura.

4. Defendant EQUABLE ASCENT FINANCIAL LLC at all times relevant was a limited liability company doing business of collecting debts in Ventura County, California operating from an address at 1120 W. Lake Cook Rd., Ste. B, Buffalo Grove, IL 60089.

5. Defendant CREDITOR IUSTUS ET REMEDIUM, LLP ("CIR") at all times relevant was a limited liability partnership doing business of collecting debts in Ventura County, California operating from an address at 8665 Gibbs Dr., Ste 150, San Diego, CA 92123.

6. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

8. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

10. The purported debt which Defendants attempted to collect from Plaintiff is a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

11. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal,

1  beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or
2  otherwise, for the agreements, transactions, events and/or acts hereinafter described, and
3  thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the
4  true names and capacities of these DOE Defendants are ascertained, they may be inserted in
5  all subsequent proceedings, and that this action may proceed against them under their true
6  names.

7

8  ### III. FACTUAL ALLEGATIONS

9      12. On June 25, 2012, Defendant EQUABLE ASCENT FINANCIAL, through its
10  attorneys Defendant CIR, filed a lawsuit against Plaintiff to collect on an alleged debt;
11  Ventura County Superior Court Case No. 56-2012-00420179-CL-CL-VTA ("the Action").
12      13. The Action attempted to collect a debt past the statute of limitations for such a
13  case as Plaintiff had not made any payment on the alleged debt in the prior four years of
14  Defendants' filing suit.
15      14. Defendants served Plaintiff with the Summons and Complaint in the Action on
16  or about July 13, 2012.
17      15. In addition to filing suit, Defendant CIR called Plaintiff to collect on the
18  alleged debt.
19      16. Defendant CIR called Plaintiff twice within a twenty-four (24) hour period on
20  numerous occasions.
21      17. Plaintiff disputed the alleged debt with Defendants as she did not recall having
22  the account in question.
23      18. Defendant EQUABLE ASCENT FINANCIAL purportedly validated the
24  alleged debt in a letter to Plaintiff dated May 14, 2012.
25      19. The May 14, 2012 letter stated that the alleged balance was $3,259.80.
26      20. Enclosed with the validation letter was one (1) credit card statement.
27      21. The credit card statement stated that the balance of the alleged debt was
28  $2,919.11.

22. Defendant EQUABLE ASCENT FINANCIAL provided no basis or verification to support its attempts to collect $3,259.80 from Plaintiff.

23. As a result of Defendants' conduct, Plaintiff suffered from severe stress.

24. Plaintiff's credit further suffered with negative reporting.

## IV.  FIRST CAUSE OF ACTION

### (Against all Defendants for Violations of the Fair Debt Collection Practices Act)

25. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

26. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   (a)  Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

   (b)  Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt;

   (c)  Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

   (d)  Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

   (e)  Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that was not intended to be taken;

   (f)  Defendants violated 15 U.S.C. § 1692e(10) by using a false representation and deceptive means to collect or attempt to collect any debt or to obtain

1    information regarding a consumer;

2    (g)    Defendants 15 U.S.C. § 1692(f) by using unfair or unconscionable means

3          to collect or attempt to collect a debt; and

4    (h)    Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an

5          amount not authorized by the agreement that created the debt or permitted

6          by law.

7    27.  As a result of the above violations of the Fair Debt Collection Practices Act,

8    Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and

9    attorney's fees and costs pursuant to 15 U.S.C. §1692k.

10

11                   **V.  SECOND CAUSE OF ACTION**

12          **(Against all Defendants for Violations of the Rosenthal Act)**

13    28.  Plaintiff repeats, realleges and incorporates by reference all of the foregoing

14    paragraphs.

15    29.  Defendants violated the Rosenthal Act, by including but not limited to, the

16    following:

17    (a)    Defendants violated California Civil Code §1788.11(d) by causing a

18          telephone to ring repeatedly or continuously to annoy the person called;

19    (b)    Defendants violated California Civil Code §1788.11(e) by communicating

20          with the Plaintiff with such frequency as to be unreasonable and to

21          constitute an harassment to the Plaintiff under the circumstances; and

22    (c)    Defendants violated California Civil Code §1788.17 by failing to comply

23          with the FDCPA as referenced above.

24    30.  Defendants' acts as described above were done intentionally with the purpose

25    of coercing Plaintiff to pay the alleged debt.

26    31.  As a proximate result of Defendants' violations enumerated above, Plaintiff

27    was damaged in amounts which are subject to proof.

28    32.  Defendants' violations of the Rosenthal Act were willful and knowing.

1 | Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages,
2 | and attorney's fees and costs pursuant to California Civil Code §1788.30.

## VI.  THIRD CAUSE OF ACTION

### (Against all Defendants for Invasion of Privacy-Intrusion Into Private Affairs)

33. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

34. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and private concerns and affairs.

35. Defendants willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by repeatedly and unlawfully attempting to collect a debt.

36. Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff.

37. As a result of such invasions of privacy, Plaintiff was harmed and caused great mental and physical pain.

38. Defendants acted with oppression, fraud or malice, and Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

////.
////
////
////
////
////
////
////
////
////

1    **WHEREFORE**, Plaintiff respectfully requests that judgment be entered against

2  Defendants, and each of them, for the following:

3    (a)  Actual damages;

4    (b)  Statutory damages pursuant to California Civil Code §1788.30(a) and

5         15 U.S.C. §1692k;

6    (c)  Costs and reasonable attorney's fees pursuant to California Civil Code

7         §§1788.30(b) & (c) and 15 U.S.C. §1692k;

8    (d)  Punitive damages; and

9    (e)  For such other and further relief as the Court may deem just and proper.

10

11

12  Date: September 25, 2012

13                              Octavio Cardona-Loya II,
                                Attorney for Plaintiff

14

15                      **DEMAND FOR JURY TRIAL**

16    Please take notice that Plaintiff demands trial by jury in this action.

17

18

19  Date: September 25, 2012

20                              Octavio Cardona-Loya II,
                                Attorney for Plaintiff

21

22

23

24

25

26

27

28

Exhibit B

1  TOMIO B. NARITA (SBN 156576)
   tnarita@snllp.com
2  ARVIN C. LUGAY (SBN 242599)
   alugay@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:  (415) 352-2625

6
   Attorneys for defendant
7  Equable Ascent Financial, LLC

8
9              UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11                  WESTERN DIVISION

12  LORI KLEIMAN,                    )  CASE NO.:
                                     )
13           Plaintiff,              )
                                     )
14      vs.                          )  **CONSENT TO REMOVAL OF**
                                     )  **DEFENDANT CIR LAW OFFICE,**
15  EQUABLE ASCENT FINANCIAL,        )  **LLP**
    LLC, a limited liability company;)
16  CREDITOR IUSTUS ET               )
    REMEDIUM, LLP, a limited liability)
17  partnership; and DOES 1 through 10,)
    inclusive,                       )
18                                   )
             Defendants.             )
19  _____ )

20

21

22

23

24

25

26

27

28

1  TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD,

2  PLEASE TAKE NOTICE THAT:

3         WHEREAS, on September 27, 2012, a complaint was filed against

4  defendants Equable Ascent Financial, LLC and CIR Law Office, LLP (erroneously

5  named in the complaint as Creditor Iustus Et Remedium, LLP ) (collectively,

6  "Defendants"), by plaintiff Lori Kleiman ("Plaintiff"), in an action pending in the

7  Superior Court of the State of California in and for the County of Ventura, East

8  County Division, entitled *Lori Kleiman v. Equable Ascent Financial, LLC, et al.,*

9  Case No. 56-2012-00424933-CU-PO-VTA; and

10        WHEREAS, this action is a civil action of which this Court has original

11  jurisdiction under 28 U.S.C. § 1331 and which may be removed to this Court by

12  Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that the Complaint

13  asserts claims against Defendant allegedly arising under 15 U.S.C. § 1692 *et seq.*

14  (The Fair Debt Collection Practices Act); and,

15        WHEREAS, defendant Equable Ascent Financial, LLC, seeks to remove this

16  action to this Court,

17        THEREFORE, defendant CIR Law Office, LLP hereby consents to the

18  removal of this action.

19

20  DATED: November 12, 2012          On Behalf Of Defendant CIR Law Office,
                                       LLP
21

22

23                                     By: _____
24                                         Tara Muren
                                           CIR Law Office, LLP
25

26

27

28

---

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV12- 9729 CAS (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>LORI KLEIMAN | DEFENDANTS<br>EQUABLE ASCENT FINANCIAL, LLC, and CREDITOR JUSTUS RE REMEDIUM, LLP |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Octavio Cardona-Loya (SBN 255309)<br>Golden & Cardona-Loya, LLP<br>3130 Bonita Road, Suite 200B, Chula Vista, CA 91910; Tel. (619) 476-0030 | Attorneys (If Known)<br>Tomio B. Narita (SBN 156576) & Arvin C. Lugay (SBN 242599)<br>Simmonds & Narita LLP<br>44 Montgomery Street, Suite 3010<br>San Francisco, CA 94104; Tel. (415) 283-1000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No  ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff alleges violations of 15 U.S.C. 1692, et seq. (Fair Debt Collection Practices Act)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV 12 9729

FOR OFFICE USE ONLY:  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                       ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                       ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                       ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved _____.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  November 13, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |