UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    'O'

| Case No. | CV 12-9729 CAS (AJWx) | Date | January 3, 2013 |
|---|---|---|---|
| Title | LORI KLEIMAN V. EQUABLE ASCENT, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants

Not Present                                              Not Present

**Proceedings:**   **(In Chambers:)** DEFENDANT CREDITOR IUSTUS ET REMEDIUM LLP'S MOTION TO DISMISS CASE (Docket #8, filed November 21, 2012)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of January 7, 2013 is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION

Plaintiff filed the instant action against defendants Equable Ascent Financial, LLC ("Equable") and Creditor Iustus Et Remedium, LLP ("CIR") in Ventura County Superior Court on September 25, 2012. Plaintiff's complaint alleges three claims for relief arising out of defendants' debt collection activities: (1) violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"). (2) violation of the Rosenthal Act, California Civil Code §§ 1788 et seq., and (3) invasion of privacy. Defendants removed the case to this Court on November 14, 2012.

On November 21, 2012, defendant CIR filed a motion to dismiss. On December 17, 2012, plaintiff filed an opposition, and on December 24, 2012, defendant filed a reply. Defendant's motion is before the Court.

## II.   BACKGROUND

Plaintiff, a consumer, was sued for collection of an alleged credit card debt by defendant Equable on June 25, 2012, in Ventura County Superior Court, Case No. 56-2012-00420179-CL-CL-VTA ("debt collection action"). Compl. ¶ 12. Defendant CIR acted as counsel for Equable in the debt collection action. Id. Plaintiff alleges that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | CV 12-9729 CAS (AJWx) | Date | January 3, 2013 |
|---|---|---|---|
| Title | LORI KLEIMAN V. EQUABLE ASCENT, ET AL. | | |

debt collection action was barred by the applicable statute of limitations. Id. ¶ 13. It appears that the debt collection action has been voluntarily dismissed. Mot. at 2.

Prior to filing the debt collection action, defendants attempted to collect the alleged debt owed by plaintiff through informal means. In particular, plaintiff alleges that defendant CIR called plaintiff numerous times, and often called plaintiff twice within a twenty-four hour period. Comp. ¶ 15 – 16. Additionally, plaintiff alleges that defendant sent her a collection letter on May 14, 2012. Id. ¶ 18. Although this letter claimed that plaintiff owed a credit card debt of $3,259.80, the credit card statement included with the letter only listed an outstanding balance of $2,919.11. Id. ¶¶ 19 – 21. Plaintiff contested the debt by telling defendants that she did not recall opening the account in question. Id. ¶ 17. Plaintiff alleges that she suffered stress due to defendants' collection activities, and that her credit suffered due to negative reporting. Id. ¶¶ 23 – 24.

### III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV 12-9729 CAS (AJWx) | Date | January 3, 2013 |
| Title | LORI KLEIMAN V. EQUABLE ASCENT, ET AL. | | |

reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

### A.   Plaintiff's Statutory Claims under the FDCPA and the Rosenthal Act

Plaintiff's claims under the FDCPA and the Rosenthal Act arise out of defendants' alleged attempt to collect a debt after the applicable statute of limitations had run, and defendants' allegedly harassing collection letter and phone calls. Defendant CIR does not contest that both forms of conduct violate these acts. Instead, defendant argues that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | CV 12-9729 CAS (AJWx) | Date | January 3, 2013 |
| Title | LORI KLEIMAN V. EQUABLE ASCENT, ET AL. | | |

the debt collection action was not barred by the applicable statute of limitations because plaintiff's last payment on her account took place within the four years prior to the debt collection action. Turning to the frequent phone calls and letter, defendant argues that plaintiff's claims fail because her complaint does not name the individuals who made the phone calls and has failed to allege the specific dates on which the phone calls occurred.

The Court rejects defendant's arguments. Defendant's argument pertaining to the statute of limitations rests squarely on its factual contention that plaintiff's last payment on the alleged debt in the debt collection action took place on August 5, 2009. This argument simply contradicts the allegation in plaintiff's complaint that she had not made any payment on the alleged debt after June 25, 2008. Compl. ¶ 13. Consequently, the argument is not well taken because for purposes of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept plaintiff's version of the facts.

Defendant's argument that plaintiff must allege the exact time debt collection phone calls occurred and the names of the individuals who made the calls appears to rest on the mistaken assumption that the heightened pleading standards of Federal Rule of Civil Procedure 9(b) apply in this case. Rule 9(b), however, only applies to claims that sound in fraud, and hence applies to none of plaintiff's claims. Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). In fact, even where a complaint does allege claims sounding in fraud, the Ninth Circuit has held that it is unfair to expect consumers to remember the names of all the corporate employees with whom they interacted. See Odom v. Microsoft Corp., 486 F.3d 541, 554 – 555 (9th Cir. 2007). The fact that plaintiff has not precisely identified the who, what, where, when, and how of the allegedly harassing phone calls therefore provides no reason to dismiss her claims.

### B. Plaintiff's Claim for Invasion of Privacy

Plaintiff alleges that defendants are liable for intrusion upon seclusion due to the frequent debt collection phone calls initiated by defendants. Defendant argues that this claim should be dismissed because a plaintiff cannot recover for the tort of intrusion upon seclusion based solely on frequent debt collection phone calls.

California courts have adopted the Restatement (Second) of Torts analysis of intrusion upon seclusion, which provides: "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV 12-9729 CAS (AJWx) | Date | January 3, 2013 |
| Title | LORI KLEIMAN V. EQUABLE ASCENT, ET AL. | | |

highly offensive to a reasonable person." Restatement (Second) of Torts § 652B; Miller v. National Broadcasting Co., 187 Cal. App. 3d 1463, 1482 (Cal. App. 2d 1986); Detersa v. American Broadcasting Companies, Inc., 121 F.3d 460, 465 (9th Cir. 1997). Courts consider several factors to determine whether an intrusion is "highly offensive to a reasonable person," including "the degree of the intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded." Hill v. National Collegiate Athletic Assn., 7 Cal. 4th 1, 26 (Cal. 1994). The requirement that an intrusion be highly offensive is an important limit on the tort of invasion of privacy because it prevents this tort from "becoming an all-encompassing and always litigable assertion of individual right." Id. at 25.

 The Restatement (Second) of Torts states that frequent and persistent debt collection telephone calls can satisfy the "highly offensive" requirement if the calls are made "with such persistence and frequency as to amount to a course of hounding the plaintiff." Restatement (Second) of Torts § 652B, Comment *d*. Additionally, district courts in California have found that repeated debt collection phone calls can constitute invasion of privacy. See, e.g., Fausto v. Credigy Services Corp., 598 F. Supp. 2d 1049, 1056 (N.D. Cal. 2009). Here, however, plaintiff's threadbare allegations that defendant "called plaintiff twice within a twenty-four hours period on numerous occasions" do not describe conduct that is "highly offensive" for purposes of the tort of invasion of privacy. See compl. ¶ 16. Plaintiff has not alleged that the content of her conversations with defendants was upsetting or annoying, nor has she even alleged that plaintiff answered the phone or was able to answer the phone when the calls were made, nor has she alleged that the calls were made within such a short period of time of one another that they became offensive. See Marseglia v. JP Morgan Chase Bank, 750 F. Supp. 2d 1171, 1177 – 78 (S.D. Cal. 2010). This case therefore contrasts with Fausto, where the plaintiff produced evidence that the content of the debt collection phone calls was inappropriate, that the debt collectors did not identify themselves on the phone, and that the debt collectors would call immediately after the plaintiff hung up in order to make the phone ring repeatedly. Fausto, 598 F. Supp. 2d at 1056. Therefore, the Court finds that the invasion of privacy claim should be dismissed, but that plaintiff should be given leave to amend her complaint to allege facts showing sufficiently offensive conduct related to repeated phone calls.

 There is no inconsistency in finding that plaintiff has stated a harassment claim under the FDCPA and Rosenthal act due to repeated phone calls but finding that plaintiff has not yet stated a claim for invasion of privacy based on the same allegations. While

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV 12-9729 CAS (AJWx) | Date | January 3, 2013 |
| Title | LORI KLEIMAN V. EQUABLE ASCENT, ET AL. | | |

plaintiff must allege "highly offensive" conduct in order to state a claim for invasion of privacy, the FDCPA and Rosenthal act contain no comparable requirements. Instead, these statutes only require that phone calls occur "repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5); see also Cal. Civ. Code § 1788.11 (similar). Other courts have reached the same conclusion. See, e.g., Stuart v. AR Resoucres, Inc., 2011 WL 904167, 3, 6 (E.D. Penn. 2011).

### V.    CONCLUSION

In accordance with the foregoing, defendant's motion to dismiss is granted in part and denied in part. Plaintiff's claim for invasion of privacy is dismissed without prejudice. Plaintiff may file an amended pleading by **February 4, 2013**.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |